**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ATTILA BIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>Defendant. | E.D. Virginia Case No. 16-CV-804 (TSE/IDD) |
| ATTILA BIBER and SANDRA LEVY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL REVENUE CORPORATION,<br><br>Defendant. | E.D. Virginia Case No. 17-CV-205 (TSE/MSN) |
| SARA KOZAK, formerly known as SARA LEMKE and SARA AZZALINE,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>Defendant. | N.D. Illinois Case No. 17-CV-318 |

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the parties to this action, Plaintiffs Attila Biber, Sandra Levy, and Sara Kozak ("Plaintiffs" or "Class Representatives"), and Defendants Pioneer Credit Recovery, Inc. ("Pioneer") and General Revenue Corporation ("GRC") (collectively, "Defendants"), through

1

their respective counsel, have agreed, subject to Court approval following notice to the settlement class members and a final approval hearing, to settle the above-captioned actions (the "Actions") upon the terms and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement"), which has been filed with the Court. Defendants deny any and all liability alleged in the Actions.

On July 10, 2017, Plaintiffs filed the executed Settlement Agreement, along with a Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). ECF Nos. 84 & 85-5. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, Defendants served written notice of the proposed class action settlement on the appropriate state and federal officials. On July 28, 2017, upon consideration of the Settlement Agreement and the Preliminary Approval Motion, the Court entered an Amended Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). ECF No. 96.[1] Under the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a settlement class ("Settlement Class") with respect to the claims asserted in the Actions; (ii) preliminarily approved the proposed Settlement Agreement; (iii) appointed Plaintiffs to serve as Class Representatives; (iv) appointed Thomas Breeden, Brian Bromberg, Dale Pittman, Cathleen Combs, and Daniel Edelman as Class Counsel; and (v) set the date and time of the Final Fairness Hearing.

On December 21, 2017, Plaintiffs filed a Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), requesting final certification of the settlement class under

---

[1] On July 24, 2017, the Court entered its original Order of Preliminary Approval of Class Action Settlement. ECF No. 93. The Court's July 28, 2017 Amended Preliminary Approval Order (a) clarified the class notice that the parties were authorized to use and (b) rescheduled the final approval hearing from December 15, 2017, to January 5, 2018. *See* ECF Nos. 95 & 96. On December 27, 2017, the Court rescheduled the final approval hearing from January 5, 2018, to January 12, 2018.

Rule 23(b)(3) and final approval of the class action settlement. ECF No. 126. On January 12, 2018, a final fairness hearing was held pursuant to Rule 23 to determine whether the Settlement Class satisfies the applicable requirements for class action treatment and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class members and should be approved by the Court. Two class members, Corazon Annunciata, from Rockaway Park, NY and Dale Sieber, 18255 Brandy Road, Apartment 7, Culpepper, VA, appeared at the hearing.

The Court has read and considered the Settlement Agreement, the Final Approval Motion, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Actions and over the parties thereto.

2. <u>Class Members</u>. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the following class (the "Settlement Class") is hereby certified, for settlement purposes only, with respect to Plaintiffs' class action claims.

> All natural persons in the United States of America who are similarly situated to the Plaintiffs in that: (a) Pioneer sent them a letter in a form substantially similar or materially identical to Exhibit A or Exhibit B between June 27, 2015, and continuing to the date that an order is entered certifying this class; or (b) GRC sent them a letter in a form substantially similar or materially identical to Exhibit C or Exhibit D between February 22, 2016, and continuing to the date that an order is entered certifying this class.

3. <u>Notice</u>. Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed to the Settlement Class members. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with the Court's Preliminary Approval Order, satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further

finds that the Notices were clearly designed to advise the Settlement Class members of their rights.

    4.    <u>Final Class Certification</u>.  The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    a.    The Settlement Class members are so numerous that joinder of all of them is reasonably impracticable;

    b.    There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

    c.    The claims of Plaintiffs are typical of the claims of the Settlement Class members;

    d.    Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and

    e.    Class treatment of these claims is efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

    5.    The Court finds that the settlement of the Actions, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class members, especially in light of:  the benefits to the Settlement Class members; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Settlement Class members if litigation continued.

    6.    With regard to class members' response to the notice and claims process, the Court finds as follows.

a) The class members who appeared at the final approval hearing, Corazon Annunciata and Dale Sieber, are non-objecting members of the class. The parties will direct the settlement administrator to mail a claim form to these individuals, and if each completes and returns the claim form to the settlement administrator, post-marked on or before February 16, 2018, then they will be permitted to collect from the class fund.

b) A total of 11,539 class members timely returned claim forms. These claim forms are deemed accepted.

c) A total of 1,095 class members returned claim forms with minor name changes. These claim forms are deemed accepted.

d) As of the date of the final approval hearing, a total of 440 class members returned claim forms after the November 21, 2017 deadline. These claim forms are deemed to be accepted. Except as otherwise specifically provided herein, claim forms received up through January 26, 2018 shall be deemed timely accepted.

e) A total of 83 class members submitted but did not sign their claim forms. The parties sent letters to these individuals to inform them that their claim forms were incomplete. A total of 31 class members cured the deficiency, and 52 did not. All 83 will be deemed to have submitted valid claim forms and will be permitted to collect the appropriate share from the class fund.

f) A total of 12 class members submitted unclear requests on claim forms or other documents. These individuals are excluded from the class. Their names are as follows:

(i) Linda Jaje

(ii) Douglas Schroeder

(iii) Anthony Damico

5

  (iv)  Lisa Davis

  (v)  Jurett Maultrey

  (vi)  Heather White

  (vii)  Anthon Ortalano

  (viii)  Elizabeth Skoko

  (ix)  Robert Sheppard, Jr.

  (x)  David Harrison

  (xi)  Mark Quint

  (xii)  Corey Wardlow[2]

 g) A total of 45 class members have been reported as deceased. The parties will direct the settlement administrator to provide the individuals who reported their deaths with the affidavit materials concerning eligible beneficiaries or distributees that were submitted along with Plaintiff's Final Approval Motion. ECF No. 126-2 at 86-87. If the decedent's estate submits a signed, completed, and notarized affidavit to the settlement administrator, post-marked on or before February 16, 2018, then the affiant will be permitted to claim from the class fund on the decedent's behalf.

 h) Two class members requested replacement claim forms after the submission deadline of November 21, 2017: (1) Shardae Greer of Rochester, NY; and (2) Tonya Matthews Jones of Decatur, GA. The parties will direct the settlement administrator to mail a claim form to these individuals and if each completes and returns the claim form to the settlement administrator, post-marked on or before February 16, 2018, then they will be permitted to collect from the class fund.

---

[2] Further, the Court notes that the mother of Corey Wardlow subsequently notified Class Counsel that Mr. Wardlow is deceased, and she does not wish to participate in, or receive any further communication, concerning this class action settlement on his behalf.

7. <u>Settlement Terms</u>. The proposed settlement and Settlement Agreement, which is filed with the Court (ECF No. 85-5), shall be deemed incorporated herein, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. Specifically, the Court finds:

a) The settlement fund for the class of $2.745 million is fair and reasonable;

b) The legal fees of $750,725.55 and costs of $10,650.80 are fair and reasonable. The Court also approves additional costs of $337.83 to Thomas Breeden and $754.40 to Cathleen M. Combs. Payment of the total of $762,468.58 in fees and costs is to be distributed as follows: $250,945.67 to the law office of Thomas R. Breeden, P.C., $345,008.76 to the Bromberg Law Office, P.C., $60,414.75 to the Law Office of Dale W. Pittman, P.C., and $106,099.40 to the law firm of Edelman, Combs, Latterner & Goodwin, LLC;

c) That payments to the class representatives in the amount of $12,000 to Attila Biber, $10,000 to Sandra Levy and $5,000 to Sara Kozak are fair and reasonable;

d) Administrative costs not to exceed $280,000 are fair and reasonable.

The Court awards these amounts. The parties, through the settlement administrator, are hereby directed to perform the terms of the Settlement Agreement.

8. *Cy Pres* Distribution. Any money remaining in the Fund after ninety (90) days have passed from the date on the checks mailed to Settlement Class Members will comprise the Cy Pres Distribution. The Cy Pres Distribution shall be made to Posse Veterans Program – Posse Foundation, Inc., to fund scholarships. The Cy Pres Distribution shall be made within sixty (60) days after the last day for Settlement Class Members to cash their Settlement Awards. The parties are ordered to file a *praecipe* notifying the Court after the distribution.

9. <u>Objections and Exclusions</u>. The Settlement Class members were given an opportunity to object to the Settlement. A total of nine persons objected. The Court has carefully considered the objections and finds that they are without merit. While Dale Sieber filed a document styled as an "objection" (ECF No. 98), as stated above, the Court finds that Mr. Sieber is a non-objecting Class Member based upon his appearance at the final approval hearing. With respect to the other eight (8) objectors, the Court finds that these individuals are excluded from the class. These objectors' names are as follows:

(i) Sean Kazi

(ii) Adam Glover

(iii) Natasha Senko

(iv) Nina Corporale

(v) Calvin Twoguns

(vi) Lakendra Moore

(vii) Laura Goldberg

(viii) Roderick Reed

10. The Court further finds that 44 additional persons requested exclusion, and these individuals are excluded from the class. The names of these 44 individuals are listed in Exhibit B to the December 21, 2017 Declaration of Jason M. Stinehart submitted on behalf of the settlement administrator. ECF No. 125-2.

11. <u>Release of Claims and Dismissal of Actions</u>. Plaintiffs, the Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the "Released Claims" against the "Released Parties," as the terms are defined in the Settlement Agreement.

ECF No. 85-5 at §§ II(A)(24) – (27) & III(G). Under the Settlement Agreement, the Released Claims are compromised, settled, released, discharged and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.

12. This Final Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

13. The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Actions and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Final Order and Judgment.

14. Plaintiffs and each and every Settlement Class member, and any person actually or purportedly acting on behalf of any Settlement Class member(s), are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. This Final Order and Judgment is binding on all Settlement Class members, except those individuals who validly and timely excluded themselves from the class. A separate Order will issue dismissing the Actions, in their entirety, with prejudice.

IT IS SO ORDERED this 31st day of January, 2018

/s/
T. S. Ellis, III
United States District Judge

9